UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ROBERT LLOPIS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 06-7514 |
| AMERICAN SECURITY INSURANCE COMPANY, ET AL. | SECTION "N" (5) |

and

| ROBERT LLOPIS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 07-8832 |
| AMERICAN SECURITY INSURANCE COMPANY, ET AL. | SECTION "N" (5) |

## ORDER AND REASONS

A motion is pending before the Court in each of the above-captioned cases. In Civil Action No. 06-7514, Plaintiff's motion seeks reconsideration of the Court's May 15, 2008 order dismissing his case with prejudice. *See* Case No. 06-7514, Rec. Doc. Nos. 23 and 25. Relatedly, Defendant's motion for summary judgment, in Civil Action No. 07-8832, relies upon the May 15, 2008 order in Civil Action No. 06-7514, in urging dismissal of the 2007 action on grounds of *res judicata*. *See* Case No. 07-8832, Rec. Doc. 17. As explained herein, **IT IS ORDERED** that Plaintiff's motion for reconsideration in Civil Action 06-7514 (Rec. Doc. 25) is **DENIED**. **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment in Civil Action No. 07-

8832 (Rec. Doc. 17) is **GRANTED**.

In support of his motion for reconsideration, Plaintiff's memorandum contends that his May 14, 2008 motion to dismiss was submitted *pro se*, following the withdrawal of his attorney in that matter, C. Meryl Murphy, and mistakenly requested dismissal *with prejudice*, rather than dismissal *without prejudice*. Accordingly, Plaintiff asks the Court to amend the May 15, 2008 order in Civil Action No. 06-7514 (Rec. Doc. 23) to provide for a dismissal *without prejudice*. On that same basis, Plaintiff asks the Court to deny Defendant's motion for summary judgment in Civil Action No. 07-8832.

Relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure is available on the basis of "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. Pr. 60(b)(1). Not every mistake, however, warrants such relief. For instance, gross carelessness, ignorance of the rules, and ignorance of the law are not sufficient bases. *See, e.g., In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005). Here, Plaintiff's memorandum urges his *pro se* status, and states that his intent to dismiss the 2006 suit without detriment to his right to proceed with the 2007 suit was known to defense counsel and the Court.

For several reasons, the Court is not persuaded that Plaintiff is entitled to the relief requested in his motion. First, although Plaintiff's present counsel in Civil Action No. 07-8832, Earl Perry, never officially enrolled as counsel of record for Plaintiff in Civil Action No. 06-7514, the record in the 2006 case, as well as Defendant's submissions, reflect his apparent "behind the scenes" involvement in the matter. Specifically, the correspondence attached to Defendant's opposition memorandum (Rec. Doc. No. 27) reflects that defense counsel directed several inquiries regarding discovery matters in Civil Action No. 06-7514 to Mr. Perry, and requested prompt notification if Mr.

Perry were not able to accept responsibility for them. Plaintiff has not presented any evidence that Mr. Perry, or Plaintiff himself, notified defense counsel that correspondence relative to the 2006 action should not be directed to Mr. Perry. Further, Magistrate Judge Chasez's May 7, 2008 Minute Entry in Civil Action 06-7514 reflects Mr. Perry's appearance at a motion hearing on behalf of Plaintiff. *See* Rec. Doc. No. 21; Exh. K to Defendant's opposition memorandum (Rec. Doc. 27-12).

Neither Plaintiff's submission in support of his motion for reconsideration in Civil Action No. 06-7514, nor his opposition memorandum in Civil Action No. 07-8832, moreover, include an affidavit or declaration from Plaintiff stating, under oath, that any mistake in the language of his May 14, 2008 motion to dismiss resulted solely from his own misunderstanding and drafting, rather than the oversight, at least in part, of Mr. Perry or a member of his staff. Similarly, Plaintiff's present counsel, Mr. Perry, has not included his own explanatory statement under oath. Additionally, although Plaintiff's memorandum suggests that both this Court and defense counsel were aware of his purported intent to dismiss the 2006 suit without detriment to his right to proceed with the 2007 suit, Plaintiff has provided no evidence to support this contention, or even explained how and when this information was communicated.

Finally, Plaintiff's June 3, 2008 opposition to Defendant's motion to consolidate, filed in Civil Action No.07-8832, specifically relies upon the Court's May 15, 2008 order of dismissal in Civil Action No. 06-7514 as justification for not consolidating the two actions. *See* Civil Action 07-8832, Rec. Doc. 11. Significantly, a motion seeking amendment of the "with prejudice" language of that order of dismissal did not accompany Plaintiff's June 3, 2008 filing relative to consolidation. Rather, the instant motion for reconsideration was not filed until more than a month later, on July 8, 2008, after Judge Carl Barbier transferred Civil Action No. 07-8832 to

3

Section "N" as a "related case" on June 10, 2008. *See* Civil Action 07-8832, Rec. Doc. 13.

Given the foregoing, the Court does not find it appropriate to amend the May 15, 2008 order of dismissal in Civil Action No. 06-7514 as Plaintiff has requested. Accordingly, final judgment is appropriately entered in that matter and, therefore, the dismissal with prejudice constitutes a final ruling that is *res judicata* as to all claims that were or could have been advanced based on the operative facts in question. *See, e.g., In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330-31 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004). Applying these principles to the two actions presently at issue, the Court finds that all of the claims raised in Civil Action No. 07-8832 either were or could have been asserted in Civil Action No. 06-7514. Accordingly, the Court grants Defendant's motion for summary judgment and dismisses with prejudice the claims asserted in Civil Action 07-8832.

New Orleans, Louisiana, this __8th__ day of December 2008.

**KURT D. ENGELHARDT**
**United States District Judge**